# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2037

_____

Gerald LeBeaux,                              *
                                             *
    Petitioner-Appellant,              *
                                             *    Appeal from the United States
    v.                                 *    District Court for the
                                             *    District of South Dakota.
United States of America,                    *
                                             *         [UNPUBLISHED]
    Respondent-Appellee.               *

_____

Submitted: January 13, 2006
Filed: January 31, 2006

_____

Before WOLLMAN, LAY, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Gerald LeBeaux[1] ("LeBeaux") appeals the district court's decision denying relief under 28 U.S.C. § 2255. Specifically, LeBeaux claims the district court[2] erred when it concluded he did not receive ineffective assistance of appellate counsel and the 1868 Fort Laramie Treaty does not deprive the United States of subject matter jurisdiction over his case. We affirm.

_____

[1]In his direct appeal to this court, LeBeaux spelled his name "LeBeau." In this appeal, however, he spells his name "LeBeaux."

[2]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

# I. Background

In May 2001, LeBeaux was indicted with his son, Neil LeBeaux, for possession with intent to distribute cocaine and conspiracy to distribute cocaine. In October 2001, LeBeaux and his son were tried jointly before a jury in the United States District Court for the District of South Dakota. The jury found both LeBeaux and his son guilty of possession with intent to distribute cocaine. LeBeaux was sentenced to 120 months in prison.

LeBeaux directly appealed his conviction to this court, arguing the evidence was not sufficient to support the jury's verdict. We affirmed. *United States v. Lebeau*, 44 Fed. App. 63 (8th Cir. 2002).

In August 2003, LeBeaux filed a pro se petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, raising eighteen issues. The district court appointed counsel for LeBeaux and referred the matter to a magistrate judge[3] pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings and submitting proposed findings of fact and recommendations to the district court. In May 2004, an evidentiary hearing was held regarding LeBeaux's ineffective assistance of counsel claims. The magistrate judge heard testimony from a deputy United States marshal and from the attorney who represented LeBeaux at trial and on direct appeal. In August 2004, the magistrate judge recommended that LeBeaux's petition be denied. In February 2005, the district court denied LeBeaux's petition for relief under § 2255 in its entirety.

LeBeaux now appeals the district court's denial of his § 2255 petition, arguing the district court erred in concluding, first, that he did not receive ineffective assistance of appellate counsel and, second, that the federal government had jurisdiction over this case.

---

[3]The Honorable Marshall P. Young, United States Magistrate Judge for the District of South Dakota.

## II. Analysis

### A. Ineffective Assistance of Appellate Counsel

We first turn to LeBeaux's ineffective assistance of appellate counsel claim. "A district court's decision in a habeas claim of ineffective assistance of counsel presents a mixed question of law and fact." *Covey v. United States,* 377 F.3d 903, 906 (8th Cir. 2004). Our court reviews the ineffective assistance of counsel issue de novo, "but findings of underlying predicate facts are reviewed for clear error." *Id.* As noted above, LeBeaux was represented by the same counsel at trial and on direct appeal. He argues that his counsel's performance on appeal "was so deficient as to deprive LeBeaux of his right to appeal," resulting in an unreliable outcome. According to LeBeaux, his relationship with his counsel had "collapsed" before LeBeaux's direct appeal to the point that "no legitimate attorney-client relationship existed." In addition to the general allegations of ineffectiveness LeBeaux attributes to the breakdown in attorney-client communication, he specifically asserts his appellate counsel was ineffective because he (1) did not appeal the district court's denial of LeBeaux's motion for severance; (2) did not appeal the court's denial of LeBeaux's request that no flight instruction be given; (3) failed to raise evidentiary chain of custody concerns; and (4) allowed evidence to be introduced at trial regarding the possibility that LeBeaux had scabies.

In order to prevail on an ineffective assistance of appellate counsel claim, a defendant must establish his counsel's representation was deficient and the deficiency prejudiced the defense. *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficient performance, a petitioner must show his or her counsel's representation "'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 522 (quoting *Strickland*, 466 U.S. at 688). In the case at hand, after reviewing the record, the district court concluded LeBeaux's ineffective assistance of appellate counsel claims failed because LeBeaux did not demonstrate his counsel's conduct fell below an objective standard of

reasonableness.  The district court also stated LeBeaux had not shown that his defense had been prejudiced.  We agree.  For the reasons articulated in the decisions of the magistrate judge and the district court, we hold LeBeaux did not receive ineffective assistance of appellate counsel on direct appeal.

B.     Federal Jurisdiction

We next address LeBeaux's claim that the United States did not have jurisdiction to prosecute him under the 1868 Fort Laramie Treaty ("Treaty").  This is a question of subject matter jurisdiction, which we review de novo.  *United States v. Lawrence*, 51 F.3d 150, 152 (8th Cir. 1995).  LeBeaux asserts the United States did not have subject matter jurisdiction because "no notice was given to the tribe nor was the tribe availed of the opportunity to surrender LeBeaux to the authority of the United States."  Our court recently addressed this issue in *United States v. Drapeau*, 414 F.3d 869, 877 (8th Cir. 2005).  In *Drapeau*, we held the Treaty does not deprive federal courts of subject matter jurisdiction over federal drug trafficking cases.  *Id.* at 878.  The same analysis applies here.  Therefore, for the reasons articulated in *Drapeau*, we reject LeBeaux's claim that the United States lacked jurisdiction over this case.

III. Conclusion

For the foregoing reasons we affirm the district court's decision denying all of LeBeaux's claims for relief under 28 U.S.C. § 2255.  *See* 8th Cir. R. 47B.

_____